IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWRENCE EBURUOH,

        *Plaintiff,*

v.

PNC BANK, N.A.,

        *Defendant.*

CIVIL ACTION
NO. 21-4430

**PAPPERT, J.**                                                                      November 28, 2022

## MEMORANDUM

*Pro se* plaintiff Lawrence Eburuoh filed an Amended Complaint (ECF 10) alleging PNC Bank, in violation of state common and statutory law, withheld two wire transfers of a combined $483,475 from a business account he opened. The Court dismissed Eburuoh's claims with prejudice (ECF 16), and Eburuoh now moves for reconsideration of that Order. (ECF 17). The Court denies the motion.

I.[1]

To succeed on a motion for reconsideration, the moving party "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*per curiam*). Eburuoh points to no change in controlling law, nor does he cite to any new material evidence; rather, he argues the Court committed a clear error of law. A finding is clearly erroneous when a "reviewing court is left with the definite and firm conviction that a mistake has been

---

[1]     A detailed factual summary can be found in the Court's June 16, 2022 Memorandum. (ECF 15).

1

committed." *Beverly v. Desmond Hotel & Conference Ctr.*, No. 02-6712, 2004 WL 632707, at *2 (E.D. Pa. Feb. 25, 2004). Mere "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." *Smith v. Unilife Corp.,* No. 13-5101, 2015 WL 115581, at *1 (E.D. Pa. Jan. 7, 2015). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

II.

A.

Eburuoh first argues the Court incorrectly concluded Article 4A of the UCC, incorporated at 13 Pa.C.S.A. § 4A101 *et. seq.* (West), preempted his equitable claims against PNC. *See* (Pl. Mot. Recons. p. 2).[2] He argues "Article 4A only applies when the initiation of wire transfer [sic] and ends when the money enters into the beneficiary's account" and, because the money was withheld after it entered his account, rather than before, Article 4A cannot apply. (*Id.*) While Eburuoh's description of Article 4A's scope is correct, his conclusion is not. *See* 13 Pa.C.S.A. § 4A404(a). Acceptance occurs "when the bank receives payment of the entire amount of the sender's order . . . ." 13 Pa.C.S.A. § 4A209(b)(2). Once a bank has accepted, it is "liable to the beneficiary for the amount of the order." *Id.* at cmt. 4. Viewing facts in the light most favorable to Eburuoh, PNC accepted the deposits and withheld them from him, rendering them liable under Article

---

[2] PNC contends Eburuoh waived this argument by failing to raise it in his response to the motion to dismiss. *See* (Def. Resp. Mot. Recons. p. 4, ECF 18). Because Eburuoh's argument is wrong as a matter of law, the Court need not address waiver.

4A. *See* (Am Compl. ¶¶ 6–7; 16–17). Because Article 4A provides a remedy, it preempts his equitable claims. *See* (June 16, 2022 Mem. § III.A.1, ECF 15).

### B.

Eburuoh next re-raises two arguments from his Response to PNC's motion to dismiss: 1) Pennsylvania's Unfair Trade Practices and Consumer Protection Law applies, notwithstanding his failure to allege a purchase and 2) the statute of limitations should have been tolled by the discovery rule. *See* (Pl. Resp. Def. Mot. Dis. pp.7–10, ECF 13.)

Eburuoh does not allege an intervening change in law or proffer any new, material evidence.[3] Instead, he "merely re-argue[s] his entitlement to relief" while claiming that the Court made errors of law. *Eburuoh v. Wells Fargo Bank, N.A., et. al.*, No. 22-1246, 2022 WL 4461397, at *3 (3d Cir. Sept. 26, 2022). For the reasons given in the Court's June 16, 2022 Memorandum, his arguments remain meritless. Any attempts to further amend the complaint would be futile because Eburuoh cannot allege he purchased goods or services from PNC for personal use.

An appropriate order follows.

---

[3] Eburuoh contends, for the first time, the UTPCPL claim should go forward because he planned to use the funds to purchase a boat for personal use. (Pl. Mot. Recons. p. 4.) This doesn't change the Court's analysis. To maintain a UTPCPL claim against PNC, Eburuoh must allege he purchased goods or services from them for personal use. *See Duffy v. Lawyers Title Ins. Co.,* 972 F. Supp. 2d. 683, 689 (E.D. Pa. 2013), *appeal dismissed*. Eburuoh's PNC account is a business account; any account services are therefore business-related. Eburuoh's intended, subsequent use of the transferred funds does not change the nature of service provided by PNC.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.